IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMILY REILLY ) | |
| ) | |
| v. ) | NO. 3:16-3051 |
| ) | |
| GRUPO POSADAS SAB DE CV ) | |
| d/b/a Live Aqua Beach Resort ) | |

**O R D E R**

Pending before the Court is Defendant's motion for reconsideration (Docket No. 43) of the Court's earlier discovery order (Docket No. 42), and Plaintiff's motion (Docket No. 44) for an extension of time to file a response to Defendant's motion for reconsideration, both of which, for the reasons stated herein, are DENIED.

Plaintiff's motion is easily dispensed with under Local Rule 7.01(b). Because the Court's order of July 30, 2018 (Docket No. 42), ruled on Plaintiff's motion for extension of time prior to the expiration of the 14-day response period found in Local Rule 7.01(b), Defendant was allowed to file a motion to reconsider. However, a response to a motion to reconsider is generally not permitted. Further, even if the Court treats the motion to reconsider as a discovery dispute motion, which the Court finds it to be, a response should have been filed by August 14, and Plaintiff's motion for extension was not filed until August 15.

Defendant argues that its motion to dismiss for lack of jurisdiction is so clear that allowing Plaintiff the opportunity for limited jurisdictional discovery is futile. While there is no question that the jurisdictional bar that a plaintiff must clear to continue suit against a foreign corporation was raised in recent years, *see e.g. Ramsey v. Greenbush Logistics, Inc.*, 263 F.Supp.3d 672, 675-

78 (M.D. Tenn. 2017) (discussion of jurisdictional standards post-*Goodyear* and *Daimler*), this discovery dispute is not the appropriate framework to address the merits of the jurisdictional issues. For that reason, Defendant's motion is DENIED. If, however, the parties remain unable to agree on the scope of discovery, after good faith efforts, including the in-person meeting of lead counsel required by the Court's order of June 20, 2018 (Docket No. 35 at 1-2), they may request a discovery conference or file an appropriate discovery motion.[1] The parties are however reminded and again cautioned that no further extensions of the time for limited discovery or for further briefing of the motion to dismiss will be granted, including because the attorneys for one party or the other failed to timely attempt to resolve any discovery dispute(s).[2]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] In their efforts at resolution of any discovery dispute(s), the parties should look for guidance about the appropriate circumstances—and therefore kinds of information—that might establish jurisdiction discussed in *Ramsey v. Greenbush Logistics* case and in *One Media IP Ltd. v. Henry Hadaway Organisation, Ltd.*, Case No. 3:14-cv-0957, 2017 U.S. Dist. LEXIS 4098 at *5-7 (M.D. Tenn. January 11, 2017). Any party who brings to the Court's attention a dispute over the proper scope of jurisdictional discovery will be required to address those cases.

[2] The Court finds it unnecessary to address in any great detail the arguments made by Defendants that this case needs to proceed expeditiously. A considerable delay occurred while Plaintiff attempted to obtain service on Defendant. Once service was obtained, the case has proceeded at an expected pace, and the Court does not find the additional time granted for limited discovery and briefing to be unreasonable, particularly since no further extensions will be granted.