IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMILY REILLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:16-cv-03051 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| GRUPO POSADAS SAB de CV d/b/a Live ) | |
| Aqua Beach Resort, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant Grupo Posadas SAB de CV d/b/a Aqua Beach Resort's Motion to Dismiss the Amended Complaint (Doc. No. 28). Plaintiff, Emily Reilly, has responded in opposition (Doc. No. 52), and Defendant replied (Doc. No. 54). For the reasons discussed below, the motion will be granted.

**FACTUAL BACKGROUND**

This action arises out of Plaintiff's injury to her left knee, which was allegedly caused by Defendant's negligence in the maintenance of the conditions in its resort's lobby in Mexico. (Doc. No. 15 (Amended Complaint) ¶ 1.) On October 16, 2015, Plaintiff was walking through the public area of the lobby of Defendant's resort when she slipped and fell to the floor, landing on her left knee. (*Id.* ¶ 9.) The fall caused Plaintiff's knee to fracture in seven pieces. (*Id.*) After the fall, Plaintiff discovered that the lobby's smooth marble floor had water on it, which caused her to fall. (*Id.* ¶ 14.) Based on these allegations, Plaintiff brings a negligence claim against Defendant and requests punitive damages. (*Id.* ¶¶ 18-29.)

Most relevant to this motion, Plaintiff alleges that Defendant is a corporation organized under the laws of Mexico, with its principal place of business in Mexico. (*Id.* ¶ 3.) Plaintiff further

1

alleges that this Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the privilege of doing business with Tennessee, soliciting patronage of Tennessee citizens through Expedia and other travel services.[1] (*Id.* ¶ 5.) Defendant moves to dismiss the action based on personal jurisdiction or, in the alternative, under the doctrine of *forum non conveniens*.

## LEGAL STANDARD[2]

Rule 12(b)(2) allows a defendant to file a motion to dismiss for lack of personal jurisdiction. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Personal jurisdiction comes in two forms: general and specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1780 (2017).

General jurisdiction allows a plaintiff to sue a defendant on all claims regardless of the connection between the claim and the forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). With respect to a corporation, the place of incorporation and principal place of business are the paradigm bases for general jurisdiction. *Id.* However, those places are not the only bases for general jurisdiction. *See id.* at 137-139. In the case of a foreign corporation, as is the case here, the inquiry is whether that corporation's affiliations with the forum state are so continuous and systematic to render it essentially at home in the forum state. *Id.* at 138-39. Absent "exceptional" circumstances, a foreign corporation will be considered "at home" only in its place of incorporation and principal place of business. *BNSF Railroad Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

---

[1] According to Plaintiff, her stay at Defendant's resort had been booked through Expedia, rather than directly with Defendant. (Doc. No. 15 ¶ 7).

[2] Because the Court dismisses the case for lack of personal jurisdiction, as discussed in more detail herein, it does not address the legal standard related to the doctrine of *forum non conveniens*.

In contrast, specific jurisdiction must arise out of or relate to the defendant's contacts with the forum—principally an activity or occurrence that takes place in the forum state. *Bristol-Myers*, 137 S. Ct. at 1780. "For specific jurisdiction to exist in a diversity case, two factors must be satisfied: the forum state long-arm statute, and constitutional due process." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012). Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, has been interpreted to be "coterminous with the limits on personal jurisdiction imposed by the Due Process Clause of the United States Constitution, and thus, the jurisdictional limits of Tennessee law and of federal constitutional due process are identical." *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (internal quotation marks and citation omitted). Under the constitutional due process analysis, specific jurisdiction is proper when the following elements are met: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)); *Intera*, 428 F.3d at 615.

Where, as here, the motion to dismiss for lack of personal jurisdiction is supported by affidavits, Plaintiff may not stand on her pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012). Plaintiff's burden is relatively slight. *Id.* The Court will not weigh controverting assertions and will view the facts in a light most favorable to Plaintiff. *Id.*; *CompuServe*, 89 F.3d at 1262. "Dismissal in this procedural posture is proper only if all the specific

facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *CompuServe*, 89 F.3d at 1262.

## DISCUSSION[3]

Plaintiff previously conceded that specific personal jurisdiction over Defendant in Tennessee does not exist (Doc. No. 32 at 4), and even if Plaintiff would (and properly could) now disavow that concession, Plaintiff does not present in her opposition a clear argument in support of specific personal jurisdiction.[4] The issue, therefore, is whether the Court can exercise general personal jurisdiction over Plaintiff. Plaintiff alleges (Doc. No. 15 ¶ 3), and Defendant's general counsel avers (Doc. No. 28-2 at 2), that Defendant is incorporated in Mexico and that Defendant's principal place of business is in Mexico. Therefore, for the Court to have general personal jurisdiction over Defendant, Plaintiff must set forth specific facts showing that Defendant's affiliations with Tennessee are so continuous and systematic as to render it essentially at home in Tennessee.

---

[3] Plaintiff spends a substantial portion of her opposition protesting that she has steadfastly prosecuted her claim and that she has encountered difficulty in prosecuting her claim against Defendant. Plaintiff, however, fails to explain why this is relevant to her opposition and does not claim that she does not have the discovery necessary to respond to the instant motion to dismiss. Sympathetic though it may be to the plight of a claimant who is having difficulty haling a putative defendant into an appropriate court to litigate on the merits (which evidently is what Plaintiff claims to be), the fact remains that the court must be appropriate, *i.e.*, one that has personal jurisdiction. Whether this Court has personal jurisdiction is the present issue for the Court to decide, and Plaintiff's protestations are not relevant to that decision (even if they are arguably responsive in part to the Court's expression of doubt regarding Plaintiff's desire to continue to prosecute this case (Doc. No. 51)).

[4] The Court further finds that there is in fact no basis for specific jurisdiction. Plaintiff cannot demonstrate satisfaction of all three elements for specific jurisdiction discussed above. Among other things, the second element is not satisfied, because the cause of action in this case arose not out of Defendant's activities in Tennessee, but rather out of Defendant's actions in Mexico.

Plaintiff's assertions and evidence do nothing of the sort. First, Plaintiff asserts that through various forms of marketing, Defendant seeks out U.S. citizens from Tennessee and other states to purchase accommodations at properties in Mexico. Second, Plaintiff discusses that Defendant has almost 10,000 vacation club members from the United States, and over 20% of vacation club members at the specific resort at issue here are U.S. citizens. Third, Plaintiff states that Defendant acknowledges revenue of approximately $23 million generated from the citizens of Tennessee. (Doc. No. 52 at 6.)[5] However, these references discuss the number of Tennessee citizens or U.S. citizens generally that Defendant serves in Mexico—not Tennessee—and are therefore immaterial to the general jurisdiction analysis. Plaintiff has not provided facts suggesting that Defendant's affiliation with Tennessee is so continuous and systematic as to render it at home in Tennessee. For example, Plaintiff does not contend that Defendant's senior management decisions are made in Tennessee, that Defendant enters into contracts to be performed in Tennessee, that Defendant is registered to do business in Tennessee, that Defendant owns or operates facilities in Tennessee, or that Defendant has agents (including officers and employees) in Tennessee. By contrast, Defendant has supplied a declaration specifically refuting any of these contacts.[6] Therefore, the Court finds that Plaintiff has failed to meet even her relatively light burden to make a prima facie showing of general jurisdiction.

---

[5] Despite evidently using a dollar sign when conveying this figure to Plaintiff in Defendant's discovery responses (Doc. No. 52-2 at 16), Defendant has since averred (via a declaration from its general counsel) that this 23 million figure, correctly stated, actually is in Mexican pesos, not U.S. dollars. (Doc. No. 55-2)

[6] It is telling, albeit not necessarily material under applicable law, that Plaintiff also does not contend that Defendant's contacts with Tennessee are especially substantial relative to Defendant's contacts with other states.

Plaintiff makes three additional arguments in support of her assertion that the Court has general jurisdiction over Defendant, none of which persuade the Court. First, Plaintiff argues that the Court should expand Rule 4(k)(2) of the Federal Rules of Civil Procedure, which currently applies only to claims arising under federal law, to apply to state law claims. However, Plaintiff fails to provide a convincing reason as to why the Court should rewrite Rule 4(k)(2) in this manner even if it could do so; to the contrary, in the Court's view there are good reasons why Rule 4(k)(2) should not apply to claims arising under state law. Moreover, the applicability of Rule 4(k)(2) is expressly conditioned upon the assertion of personal jurisdiction thereunder comporting with the United States Constitution, which it would not in the present case for all of the reasons discussed herein.

Second, Plaintiff provides a three-page block quote from *Madan-Russo v. Grupo Posadas, S.A. de C.V.*, 841 A.2d 489 (N.J. Super. Ct. App. Div. 2004), to support her assertion that the Court has personal jurisdiction over Defendant. The Court would expect that if a party copies three pages of a court's opinion in its brief, that opinion would be binding on this court, or at least on point. That is not the case here. Clearly, an opinion from an intermediate appellate court in New Jersey is not binding authority in this case. Moreover, the block quote Plaintiff provides, as well as the substance of the *Madan-Russo* opinion as a whole, relates to *forum non conveniens*, not personal jurisdiction. And in any event, *Madan-Russo* was decided prior to the Supreme Court's decisions in cases like *Daimler* and *BNSF Railroad Co.*, which tightened (or at least clarified) the constitutional standards for asserting personal jurisdiction over corporate defendants. Therefore any personal jurisdiction analysis in *Madan-Russo* would not completely reflect the current legal framework.

Finally, Plaintiff argues essentially that it would be unfair not to provide her this Tennessee forum and that therefore she is entitled to this forum under the famous "fair play and substantial justice" rubric of *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Unfortunately for Plaintiff, this concept from *International Shoe Co.*, though venerable and certainly still relevant, does not supply the entirety of the applicable personal-jurisdiction standards. These standards, at least in the case of foreign corporations, are addressed much more specifically, completely and recently in cases like *Daimler AG* and *BNSF Railroad Co.*, which this Court must and does follow here—to the inexorable conclusion that it lacks personal jurisdiction over Defendant, as discussed above.

Accordingly, the Court will dismiss Plaintiff's case without prejudice for lack of personal jurisdiction.[7]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 28) will be **GRANTED** based on lack of personal jurisdiction. Such a dismissal is not one based on the merits. See, *e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Therefore, the dismissal must be without prejudice. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 520 (6th Cir. 2006). This case therefore will be **DISMISSED WITHOUT PREJUDICE**.

An appropriate order will be entered.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[7] Because the Court dismisses the case for lack of personal jurisdiction, it does not address Defendant's *forum non conveniens* argument.